**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DANIEL AREVALO,** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL NO. 5:21-CV-319** |
| | § | |
| **CHRISTOPHER B. DAVIS and** | § | |
| **HMD, LLC** | § | |

---

### PLAINTIFF'S COMPLAINT AT LAW

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **DANIEL AREVALO,** Plaintiff herein, complaining of, Defendants **CHRISTOPHER B. DAVIS and HMD, LLC**, herein, and for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff **DANIEL AREVALO,** is an individual residing at 425 San Saba, Falfurrias, Texas 78135 in Brooks County, Texas.

2. Defendant, **CHRISTOPHER B. DAVIS**, is an individual residing at 1773 Finwood Trail SE, Brookhaven, MS 39601, and may be served with process by serving his attorney, **Gary Green, LEWIS & BRISBOIS, 24 Greenway Plaza, Suite 1400, Houston, TX 77046**. ISSUANCE and SERVICE of citation over this Defendant **IS NOT** requested at this time.

3. Defendant, **HMD, LLC**, is a Limited Liability Company with its principal place of business located at 1350 Michigan Street, Gary, IN 46402.  It may be served with process

by serving its attorney, **Gary Green, LEWIS & BRISBOIS, 24 Greenway Plaza, Suite 1400, Houston, TX 77046.** ISSUANCE and SERVICE of citation over this Defendant **IS NOT** requested at this time.

## II.
## JURISDICTION and VENUE

4. This Court has jurisdiction over the case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of the value of $75,000.00, exclusive of fees and costs and this is a suit between citizens of different states.

5. Venue as to this Complaint is proper in the Western District of Texas San Antonio division under U.S.C. §1391(b)(2), because a substantial part of the events or omissions given rise to this claim occurred in this district.

## III
## FACTS

6. Plaintiff brings this lawsuit to recover damages arising out of an automobile/commercial motor vehicle collision which occurred on or about May 29, 2019. On this date, the Plaintiff was operating his vehicle in a lawful manner when he was struck by a commercial motor vehicle driven by Defendant, **CHRISTOPHER B. DAVIS**, while Defendant, **CHRISTOPHER B. DAVIS**, was operating the commercial motor vehicle in the course and scope of his employment with Defendant, **HMD, LLC**. Specifically, Defendant, **CHRISTOPHER B. DAVIS,** struck the Plaintiff's car in the left rear as the Defendant attempted to go straight in a left-turn only lane, causing the collision and Plaintiff's injuries and damages.

7. At all times relevant to this suit **CHRISTOPHER B. DAVIS** was working in the course and scope of his employment with Defendant, **HMD, LLC.** Accordingly, Plaintiff alleges that Defendant, **HMD, LLC**, is vicariously liable for all acts and/or omissions of

Defendant, **CHRISTOPHER B. DAVIS.**

### IV.
### DAMAGES

8. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the balance of his natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of his natural life.

9. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

   a) Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

   b) Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

   c) Physical pain and suffering in the past;

   d) Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

   e) Physical impairment in the past;

   f) Physical impairment, which will, in all reasonable probability, be suffered in the future;

   g) Lost wages in the past;

h)  Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i)  Mental anguish in the past;

j)   Mental anguish which will, in all reasonable probability be suffered in the future;

k)  Fear of future disease or condition;

l)  Disfigurement;

m) Cost of medical monitoring and prevention in the future;

n)  Loss of household services.

10.  Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

11.  Plaintiff is entitled to recover all pre-judgment and post*judgment interest as allowed by law, along with their costs of court.

## V.
## EXEMPLARY DAMAGES

12.  Plaintiff hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

a)  The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with

conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

b) Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.  Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VI.
## CONDITIONS PRECEDENT

13.  All conditions precedent to recovery of said damages by all of said Plaintiff has been satisfied.

## VII.
## NEGLIGENCE, NEGLEGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT, CHRISTOPHER B. DAVIS

14.  Plaintiff would show that on the subject occasion, Defendant, **CHRISTOPHER B. DAVIS**, was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a.  Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code '545.417(a);

b.  In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law

negligence and negligence per se, as it is in violation of Texas Transportation Code '545.401(a);

c.   In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff's vehicle;

d.   In failing to turn the vehicle to the left so as to avoid hitting Plaintiff's vehicle;

e.   In failing to maintain control of the vehicle prior to the subject collision, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code '545.060(a);

f.   In failing to maintain an assured safe distance between his vehicle and Plaintiff's vehicle, which constitutes negligence and negligence per se, as it is in violation of Texas Transportation Code '545.062(a);

g.   In driving and operating said vehicle at a speed in excess of the posted speed limit, and is therefore prima facie evidence that the speed was not reasonable and prudent, as described by Texas Transportation Code '545.352(a);

h.   In operating the vehicle in a careless and unsafe manner;

i.   Failing to take proper evasive action;

j.   Defendant driver failed to use the reasonable care that an ordinary driver would use in attempting to avoid a dangerous situation on the roadway;

k.   Defendant driver failed to use the reasonable care that a professional driver of commercial vehicles would use when he failed to maintain proper attention while operating the truck on a highway;

l.   Defendant driver failed to use the reasonable care that a professional driver would use when he failed to take proper evasive action to avoid colliding with the Plaintiff's vehicle;

m.   Defendant driver failed to use the reasonable care that a professional driver of commercial vehicles would use when he operated the truck in contravention of safe industry practices and in a manner which he knew or should have known created an extreme risk of serious injury or death;

15. Defendant, **CHRISTOPHER B. DAVIS,** operated the truck in an unsafe manner, and the truck presented an unreasonable risk of serious injury or death. **Defendant, HMD, LLC'S** driver's negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant, **HMD, LLC**, as described below.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

17. Plaintiff hereby alleges that the negligence of Defendant, **CHRISTOPHER B. DAVIS,** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant, **CHRISTOPHER B. DAVIS**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant, **CHRISTOPHER B. DAVIS,** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

**VIII.**
**NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT,**
**HMD, LLC**

18.   At the time of the occurrence of the act in question and immediately prior thereto, Defendant, CHRISTOPHER B. DAVIS, was driving a truck owned by Defendant **HMD, LLC.**

   **a)**   At the time of the occurrence of the act in question and immediately prior thereto, Defendant **CHRISTOPHER B. DAVIS** was engaged in the furtherance of Defendant, **HMD, LLC's** business and/or was in the course and scope of his employment with it.

   **b)**   Plaintiff invokes the doctrine of *respondeat superior* against Defendant **HMD, LLC.**

   **c)**   Defendant is liable under the doctrine of *respondeat superior* in that Defendant, **CHRISTOPHER B. DAVIS** was operating a vehicle in the course and scope of his employment with Defendant **HMD, LLC**, and/or under the authority of **HMD, LLC.**

   **d)**   Defendant **HMD, LLC** is also negligent in one or more of the following respects:

      i.   Negligent hiring of its driver;

      ii.   Negligent training;

      iii.   Negligent supervision;

      iv.   Negligent retention;

      v.   Defendant **HMD, LLC** failed to properly maintain the vehicle involved in the incident;

      vi.   Defendant **HMD, LLC** failed to adequately inspect the vehicle to prevent collisions by its employees;

vii.      Defendant **HMD, LLC** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

viii.      Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

**e)**    As described herein, Defendant **HMD, LLC**, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

**f)**    Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

**g)**    Plaintiff hereby alleges that the negligence of Defendant, **HMD, LLC**, was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **HMD, LLC**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant **HMD, LLC** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

# IX
# JURY DEMAND

19.  Plaintiff requests a jury in this cause and have tendered payment.

## PRAYER

WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff prays for judgment against the

Defendants for compensatory damages for medical and therapeutic expenses incurred; for recovery

of property damages; for her pain and suffering; for punitive damages; for such expenses incurred

and reasonably certain to be incurred in the future; for prejudgment interest as may be proper; and,

for such other and further relief as the Court may deem proper.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Fax: (210) 785-0806


By: ___/s/ Robert O. Fischel_____
       **ROBERT O. FISCHEL, OF COUNSEL**
       State Bar No. 07040200
       ATTORNEYS FOR PLAINTIFF
       e-mail: robertf@davislaw.com